[Civil Nos. 202, 203, 205. Filed September 5, 1887.]

[S. C. 15 Pac. 26.]

[The Tombstone Townsite Cases.]

JAMES REILLY, Plaintiff and Respondent, v. GEORGE G. BERRY, Defendant and Appellant. SAME v. BENONI BLACKMORE. THE MOUNTAIN MAID MINING CO. v. REILLY.

1. MINES AND MINING—LOCATION NOTICE—UNCERTAINTY—EVIDENCE—AIDER BY EXTRINSIC EVIDENCE—AMENDMENT WHERE OTHER RIGHTS HAVE INTERVENED DOES NOT RELATE BACK.—A location of a mining claim, to fix the title as against after acquired rights by entry and patent, should be sufficiently clear to designate the ground claimed, and should be marked on the ground by monuments, showing the extent of the possession. If the location on its face be uncertain, the uncertainty could be aided by evidence of the possession, or of monuments; but a location notice, on its face uncertain and without evidence of what land was occupied, cannot be evidence for any purpose. An amendment, afterwards made, describing different land, or making certain what was uncertain, cannot revert back to the original defective location.

2. PUBLIC LANDS—TOWNSITE ENTRY ON LAND NOT KNOWN TO BE MINERAL PRIOR TO AFTER ACQUIRED MINING CLAIM.—A town-site entry upon land not known to be mineral land at the time of entry is prior to any after acquired mining claim.

3. SAME—MINES AND MINING—TOWNSITE ENTRIES—MINING LOCATIONS—CONFLICTING CLAIMS.—All mines, mining claims, and possessions held under existing laws are excluded from the terms of a town site patent, and such as are located prior to the town site entry are paramount thereto. Lands known to be mineral lands at the time of the town site entry are not included in such town site entry.

4. MINES AND MINING—QUESTION AS TO LAND BEING MINERAL RES ADJUDICATA UPON ISSUANCE OF PATENT.—Whether lands are as a matter of fact mineral lands is *res adjudicata* by the patent to the mining claim.

5. PUBLIC LANDS—TOWNSITE ENTRIES—CANNOT ACQUIRE TITLE TO MINERAL LAND UNDER.—Title to known mineral land cannot be acquired under the town site laws.

RE-HEARING DENIED. JANUARY 9, 1888.

Dismissed, with costs, pursuant to the 10th rule, 145 U. S. 629-630-647; 36 Law Ed. 859.

APPEAL from a Judgment of the District Court of the First Judicial District in and for the County of Cochise. Affirmed.

The facts are stated in the opinion.

George G. Berry, for Appellants.

Thomas Mitchell and Goodrich & Smith, for Respondent.

BARNES, J.—The question presented in these cases is between a title derived from the Tombstone town-site patent, and one derived from a patent to the Mountain Maid Mining Company. The date of entry of the town-site is April 9, 1880. The mining patent was dated August 15, 1882. February 25, 1879, there was filed a notice of location of the Mountain Maid mine. This notice is so uncertain that the land claimed cannot be identified. It is aided by no evidence whatever. November 20, 1880, the record was amended, and on August 15, 1882, a patent was issued to the land described in the amendment. This amendment was after the entry of the town-site. The mining title cannot be superior to the town-site title, unless the location, earlier than the town-site, be held to have fixed the title. A location of a mining claim, to fix the title as against after acquired rights by entry and patent, should be sufficiently clear to designate the ground claimed, and should be marked on the ground by monuments, showing the extent of possession. If the location on its face be uncertain, the uncertainty could be aided by evidence of the possession, or of monuments; but a location notice, on its face uncertain and without evidence of what land was occupied, cannot be evidence for any purpose. An amendment afterwards made, describing different land or making certain what was uncertain, cannot revert back to the original defective location. The entry of the town-site intervening after the first location and before the amendment must be prior in right as it is prior in time. If this were not so, it would

open the door to great wrongs. A person might locate a mining claim, and then, by doing $100 worth of work annually, lie still and permit title to be acquired from a town-site, buildings erected, thousands of dollars spent, and then apply for a patent, amend his record, and swing his claim around, so as to include the most valuable improvements, and hold the same under his mining claim; and there is no limit to the time he might wait. It would be monstrous to give that construction to the mining act of 1872 and the town-site act as would make such a result possible. A town-site entry upon land not known to be mineral land at the time of entry is prior to any after acquired mining claim. *Deffeback* v. *Hawke,* 115 U. S. 392; 6 Sup. Ct. Rep. 95.

We have reviewed with care the *Butte City Smoke-House Lode Cases,* 6 Mont. 397, 12 Pac. 858, and *King* v. *Thomas,* 6 Mont. 409, 12 Pac. 865. We concur with these cases in holding that all mines, mining claims, and possessions held under existing laws are excluded from the terms of a town-site patent; that mining claims, located before the town-site entry, are paramount thereto. We also go so far as to say that lands upon which is any mine of gold, silver, cinnabar, or copper, or known to be such mineral lands, at the time of a town-site entry, are not included in such town-site entry. If those cases are to be construed as holding that if minerals be discovered in lands conveyed by a town-site patent, after the patent, and located as such, that such after-discovery and location become paramount to a town-site patent, and take such lands out from the operation of such patent, we do not concur with them. The question does not arise in the *Smoke-House Cases.* In the *King Case* there is some doubt as to whether this question is passed upon. The court in that case properly held that whether the lands were as a matter of fact mineral lands is *res adjudicata* by the patent to the mining claim. They held that the Silver King was a valid mining claim at the time of the issuing of the town-site patent. This view of these cases will meet with approbation, and clearly states the law as we understand it. The case before us, however, seeks to apply the principle to an invalid mining claim, prior to the town-site patent, and without proof that any mine existed prior to the town-site entry, or that the lands

were known to contain mineral veins or deposits, or that there was any possession under existing laws. This is a very different question. To hold that every purchaser of a lot under a town-site patent, who erects valuable improvements thereon, ever after rests upon the precarious chance of having his title and possession defeated by the discovery of minerals sufficient in amount to sustain a mining claim, is further than we can go. The supreme court in the *Deffeback Case, supra,* seems to have had this in mind, and to have recoiled from it, and they go no further than to hold "that a title to known mineral land cannot be acquired under the town-site laws."

We therefore hold that the Tombstone town-site patent is paramount to the patent to the Mountain Maid mine. The judgments are affirmed.

Wright, C. J., concurs.