[Civil No. 895.   Filed March 30, 1905.]

[80 Pac. 329.]

## CHARLES CUNNINGHAM et al., Plaintiffs and Appellants, v. JACOB PIRRUNG et al., Defendants and Appellees.

1. MINES AND MINING—STATUTES—RELOCATION—REV. STATS. ARIZ. 1901, PAR. 3241, VALID.—The statute, *supra,* relating to relocation of mining ground is not in conflict with the statutes of the United States.

2. SAME—RELOCATION—LOCATION NOTICE—REV. STATS. ARIZ. 1901, PAR. 3241, CONSTRUED.—Under paragraph 3241, *supra,* providing what work shall be done in relocating an abandoned or forfeited claim, and that the "location notice shall state if the whole or any part of the new location is located as abandoned property else it shall be void," the relocator must, in order to have his location certificate valid, recite in such certificate that he locates such claim in whole or in part as forfeited or abandoned ground.

3. SAME—FORFEITURE—ABANDONMENT.—There is clear distinction in law between the loss of the possessory title to a mining claim by forfeiture and its loss by abandonment; one being occasioned after the lapse of the statutory period by a failure to perform those acts by which mining claims are held, or to comply with the requirements of mining regulations, and is complete when some one enters with intent to relocate; and the other is occasioned by the voluntary act of relinquishing possession of the claim with the intention not to return and occupy it, whereby the property forthwith reverts to its original *status* as part of the public domain.

4. SAME—LOCATION NOTICE—EVIDENCE—REV. STATS. ARIZ. 1901, PAR. 3241, CITED.—Under the statute, *supra,* where a relocator's right is based upon the loss of the possessory right acquired by the former locator, a location certificate which fails to state that the claim is located as forfeited or abandoned property is void, and such certificate is properly excluded from evidence in an action to quiet the title.

5. SAME—SAME—RELOCATION AS FORFEITED OR ABANDONED GROUND ADMITS VALIDITY OF FORMER LOCATION—ESTOPPEL.—If a claim be relocated as a forfeited or abandoned claim, such relocation admits the validity of the prior location and estops the relocator from proving its invalidity.

6. SAME—SAME—EVIDENCE—BURDEN OF PROOF—ABANDONED OR FORFEITED CLAIM—INVALIDITY OF PRIOR LOCATION.—Whether one claims mining ground by virtue of relocating it as forfeited or abandoned ground, or by virtue of location upon a claim held previously

under an invalid location, in either case the burden of proof is on the claimant to prove that the ground was forfeited or abandoned or that the prior location was invalid.

7. SAME — ACTION TO QUIET TITLE — RELOCATION — EVIDENCE — SUFFI-CIENCY—REV. STATS ARIZ. 1901, PAR. 3241, CITED.—Where it appeared from the evidence that there had been a prior location, of which the plaintiffs had knowledge, and that the plaintiffs had not located the ground as abandoned ground under the statute, *supra,* it was incumbent upon the plaintiffs to establish by proof that the prior location was invalid, and in the absence of such proof the complaint was properly dismissed.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Cochise. Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

Ben Goodrich, and Fred A. Sutter, for Appellants.

Had the plaintiffs stated in their location notices that they located their said claims as abandoned property, such statement would have been a direct admission of the validity of defendants' locations. *Providence Gold Mining Co.* v. *Burke,* 6 Ariz. 323, 57 Pac. 641; *Wills* v. *Blaine,* 5 N. Mex. 238, 20 Pac. 798; *Belk* v. *Meagher,* 104 U. S. 279, 26 L. Ed. 735; Lindley on Mines, par. 404.

In the light of the above decisions, had plaintiffs inserted in their location notices that the property was a relocation of abandoned ground, would they not have been estopped from attacking the validity of the defendants' locations, which is one of the main points in the case?

There can be no relocation except where there has been a prior valid location. *Belk* v. *Meagher,* 104 U. S. 279, 26 L. Ed. 735.

If there can be no relocation except where there has been a prior valid location, then the same rule applies to abandonment, to the effect that there can be no abandonment except where there has been a prior valid location; and until the defendants prove the validity of their pretended locations made on the 29th of December, 1901, plaintiffs would not be compelled to state in their location notices that the ground was located as abandoned ground.

If the burden should be imposed upon an intending locator of a mining claim of ascertaining if the ground had been previously legally located, such a provision would be an unreasonable hardship. *Carlin* v. *Freeman,* 19 Colo. App. 334, 75 Pac. 26.

If the supreme court of Colorado in the above decision saw fit to hold that their statute, requiring that in any case, whether the whole or a part of an abandoned claim is located, the location certificate may state that the whole or any part of the new location is located as abandoned property, which provision is merely directory or permissive, was in direct conflict with section 2324 of the Revised Statutes of the United States, then surely our statute providing that in either case a new location monument shall be erected, and the location notice shall state whether the whole or any part of the new location is located as abandoned property, else it shall be void, being mandatory, as it is, and imposing an unreasonable hardship, as it does, must surely be in conflict with section 2324 of the Revised Statutes of the United States, and therefore cannot stand.

After plaintiffs made their case and proved a compliance with all the requirements of both the federal and territorial laws, in the absence of any evidence establishing the validity of defendants' locations, the court should have found the defendants' notices were void, as there was no testimony to show that the defendants ever marked their boundaries within the ninety days, nor recorded their location notices, nor sunk a discovery shaft to the depth of ten feet, as required by paragraph 3234 of the Revised Statutes of Arizona, and a failure to do any or all of these things would forfeit any rights defendants may have acquired in said claims. *Kramer* v. *Settle,* 1 Idaho, 485; *Depuy* v. *Williams,* 26 Cal. 309; *Lockhard* v. *Wills,* 9 N. Mex. 344, 54 Pac. 336; *Sission* v. *Summers,* 24 Nev. 379, 77 Am. St. Rep. 815, 55 Pac. 829; *Wright* v. *Lyons,* 45 Or. 167, 77 Pac. 81.

Hereford & Hazzard, for Appellees.

KENT, C. J.—The complaint sets forth facts showing that plaintiffs duly located certain mining claims, and alleges that the plaintiffs are the owners and entitled to the possession

thereof; that the defendants make some claim to the property —and prays to have the plaintiffs' title to the property quieted in them. The answer denies the allegation of the complaint as to the location and ownership by the plaintiffs of the property and sets forth facts showing that the defendants made valid locations of the property prior to the locations of the plaintiffs, and alleges the ownership of the property in the defendants, and prays that the title to the property be quieted in them. On the trial it was admitted that the ground in conflict was mineral ground, and that both parties found mineral in place thereon before their respective locations. The plaintiffs introduced evidence to show their compliance with the requirements of the law in respect to making a valid location, and subsequent work and possession; and the location notices of the plaintiffs were received in evidence by the court, subject to the objection of the defendants as to their sufficiency, in that they did not state that the ground located was located as forfeited or abandoned ground. It developed in the evidence adduced by the plaintiffs that when making their location there were some monuments and signs of an attempted prior location of part of the ground, and that certain notices purporting to be location notices had been posted on portions of the ground. No proof was offered as to the invalidity of the prior locations. After the plaintiffs had rested, the defendants called one witness who testified that, shortly prior to the location by the plaintiffs, he had found monuments on the claims, and notices of location of the defendant Hutchinson in them. Thereupon the court sustained the objection of the defendants to the introduction of the location notices of the plaintiffs on the ground that such notices did not contain the statement required by the statute, that the ground was located as abandoned or forfeited ground, and ordered judgment entered for the defendants. The court made its finding that, from the evidence, the plaintiffs were not entitled to the property, for the reason that their location notices were void, since they did not contain the statement required by the statute, and, as a conclusion of law, found that the defendants were entitled to a judgment dismissing the complaint, and judgment was accordingly entered, from which the plaintiffs appeal.

The plaintiffs claim on this appeal that, since the property

was not located by them as forfeited or abandoned property, it was not necessary for the location certificates of the plaintiffs to state that the claims were located as abandoned ground; that the issue was not whether the defendants had forfeited or abandoned the ground, but whether their prior locations were valid; that, if the location certificates of the plaintiffs had contained the statement that the ground was located as abandoned ground, the plaintiffs would have been preclude' thereby from contesting the validity of the defendants' prior location; that the court erred in holding that the ground was not unoccupied, vacant land of the United States subject to location by the plaintiffs; and that the court should not have dismissed the complaint until the defendants had established the validity of such prior locations.

Our statute provides: " . . . The relocation of forfeited or abandoned lode claims shall only be made by sinking a new discovery shaft and fixing the boundary in the same manner and to the same extent as is required in making an original location; or the relocator may sink the original discovery shaft ten feet deeper than it was at the date of the commencement of such location, and shall erect new or make the old monuments the same as originally required. In either case a new location monument shall be erected and the location notice shall state if the whole or any part of the new location is located as abandoned property, else it shall be void." Rev. Stats. Ariz. 1901, par. 3241.

This statute is not in conflict with the statutes of the United States, and is specific in its requirements. Under it, a person who seeks to take advantage of the loss, by forfeiture or abandonment, of a locator's possessory title, by relocating such claim, must, in order to have his location certificate valid, recite in such certificate that he locates such claim, in whole or in part, as abandoned property. There is, of course, a clear distinction in law between the loss of the possessory title to a mining claim by forfeiture, and its loss by abandonment; the one being occasioned after the lapse of the statutory period, by a failure to perform those acts by which mining claims are held, or to comply with the requirements of mining regulations, and is complete when some one enters with intent to relocate; and the other is occasioned by the voluntary act of relinquishing possession of the claim, with

the intention not to return and occupy it, whereby the property forthwith reverts to its original *status* as a part of the public domain. While, in terms, the act requires that upon such relocation the notice shall state that it is located as abandoned property, it is clear from the reading of the whole act that, though the legislature has not carefully preserved the distinction, where the relocation is based upon the loss of the possessory title, whether by forfeiture or abandonment, the new location notice should state the fact. Where, therefore, the new locator's right is based upon the loss of the possessory right acquired by a former locator, a location certificate which fails to state that the claim is located as forfeited or abandoned property is void, and the new locator acquires no rights under it; and such certificate in such a case is properly to be excluded by a court when offered in evidence of a right so claimed to have been acquired.

But it does not follow that where there has been an attempted prior location, though such be known to the subsequent locator, he should therefore state in his location notice that he locates the ground as abandoned property. It is only when such prior location is a valid location that the subsequent location notice should contain such statement. If a claim be relocated as a forfeited or abandoned claim, such relocation admits the validity of the prior location, and the issue then is, conceding such prior location, whether the prior locator has lost his right by forfeiture or by abandonment; but where a subsequent locator bases his right upon the contention that the prior locator never made a valid location under the law, then he is not relocating a forfeited or abandoned claim, but is making an original location of a claim, the prior attempted location of which is invalid. In such a case the issue is not whether the prior locator has lost a possessory right once legally established, but whether the prior locator ever established a legal right. In such a case the statute referred to has no application, and it not only would not be proper for the new locator to state in his location notice that he located the claim as abandoned property, but such statement, if made, would preclude him from contesting the question to be determined,—namely, the validity of the prior location. *Providence etc. Co.* v. *Burke,* 6 Ariz. 323, 57 Pac. 641; *Belk* v. *Meagher,* 104 U. S. 279, 26 L. Ed. 735; *Wills* v. *Blain,* 4 N. Mex. 378, 20

Pac. 798; Lindley on Mines, pars. 216-219, 404, 643, 755; Barringer & Adams on Mines, c. 11; *Copper Globe Mining Co.* v. *Allman*, 23 Utah, 410, 64 Pac. 1019; *Becker* v. *Pugh*, 9 Colo. 589, 13 Pac. 906; *Bryan* v. *McCaig*, 10 Colo. 309, 15 Pac. 413; *Hopkins* v. *Noyes*, 4 Mont. 550, 2 Pac. 280. To make a valid location, however, the location must be upon unappropriated mineral land of the government. Where there has been in fact no attempted prior location, the appropriator finds no difficulty in perfecting his location by performing the acts required by law in respect thereto. When, however, a person desiring to make such location finds evidence upon the ground, or has actual knowledge, of an attempted prior location, he may locate such ground himself only if the same is unappropriated public land.. Whether it is such, or not, depends upon the facts in the case. It may be unappropriated and open to such location,—1. By reason of the fact that the prior locator, having made a valid location, had abandoned the ground or has forfeited it. In either such case, whether a forfeiture or an abandonment has occurred, the ground becomes again a part of the public domain by reason of such forfeiture or abandonment, and it is because it is such part of the public domain that it is again open to relocation. The locator must determine, therefore, whether such abandonment and forfeiture has in fact taken place, and, if he so decides, must make his location accordingly, and, under our statute, must state in his location certificate that he locates the same as abandoned ground. And in such case, in a suit to establish his title, the burden is on him to prove that the ground was forfeited or abandoned, and that is the issue to be determined. 2. Such ground may be unappropriated public ground because the prior location was not a valid prior location, and the prior locator therefore never acquired any rights thereunder, and the ground never lost its character as a part of the public domain. When such fact exists, the subsequent locator locates such ground as an original location, and not as abandoned ground; and his location certificate properly omits any statement that he locates the ground as abandoned ground, for to so state would be a concession of the validity of the prior location. But when such subsequent locator finds upon the ground monuments or other evidences of an attempted prior location, or has actual knowledge thereof, and yet locates

the ground as an original location, in a suit to establish his title to the ground the burden is upon such subsequent locator to establish that the prior location was invalid, and the ground, by reason thereof, was open to location by him as a part of the public domain. In such case the issue is the invalidity of the prior location. In the one case the subsequent locator must establish the forfeiture or abandonment; in the other, he must establish the invalidity of the prior location. But in either case the burden is on him, and, if he fails in such proof, judgment must go against him.

In the case before us, the plaintiffs having rested, the court, as soon as the evidence clearly showed that there had been a prior location, of which the plaintiffs knew, dismissed the complaint, and rendered judgment against the plaintiffs. This was not error. There having been a prior location, of which the plaintiffs had knowledge, and the plaintiffs not having located the ground as abandoned ground, under the statute, it was incumbent upon the plaintiffs to establish by proof that the prior location was invalid. They made no such proof, and the complaint was therefore properly dismissed.

The judgment of the district court is affirmed.

SLOAN, J., and DAVIS, J., concur.