[Civil No. 948.   Filed March 30, 1906.]

[85 Pac. 721.]

NICK MATKO et al., Plaintiffs and Appellants, v. AUGUST DALEY, Defendant and Appellee.

1. Evidence—Hearsay—Pay-Rolls.—In an action to quiet title to a mining location, defendant claimed the ground under a relocation as forfeited for failure to perform the annual assessment work. Plaintiffs' witnesses, who participated in the making of such annual expenditure, testified that B. and S. assisted them, but B. and S. were not present at the trial, nor was their absence accounted for.

The pay-rolls of a certain mining company purporting to have been signed by B. and S. were introduced for the purpose of showing that they were working for such company at the same time, and therefore could not have performed the work on the claim in dispute. *Held* that such records were merely hearsay and inadmissible for the purpose of contradicting plaintiffs' witnesses.

2. SAME—SIGNATURES—IDENTIFICATION—SUFFICIENCY.—Testimony that it was the custom of the company for the men to sign the pay-rolls before they could get their money; that these records were the pay-rolls for December; that they were signed by men who had worked for that month; that he was not present when they were signed; that he could not testify that the signatures were the signatures of B. and S., only that the signatures purported to be their signatures; that the body of the pay-rolls was in the handwriting of the former paymaster of the company; that precautions were always taken to see that the person who signed the pay-roll was the person to whom the money was due,—was insufficient to prove the signatures.

3. MINES AND MINING — RELOCATION NOTICE — FORFEITED CLAIMS.—A location notice of a mining claim, as a forfeited claim, which fails to state that the claim was located as forfeited or abandoned property, as required by the statute, is void.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. Fletcher M. Doan, Judge. Reversed.

The facts are stated in the opinion.

John McGowan (Webster Street of Counsel) for Appellants.

The entries from the books, files, and records of the Copper Queen Consolidated Mining Company, without any further evidence, were clearly illegal evidence to show that Chris Brain and Dan Seffer were not working upon plaintiffs' mine in December, 1902, as was testified to by witnesses Turner and Matko. Gilbert on Indirect and Collateral Evidence, secs. 159 to 168, especially sec. 162; Abbott on Trial Evidence in Civil Actions, 2d ed., p. 398; *New Haven etc. Co.* v. *Goodwin,* 42 Conn. 230; *Nicholas* v. *Webb,* 8 Wheat. 326, 5 L. Ed. 628; *Price* v. *Torrington,* 1 Smith's Lead. Cas. 277.

Flannigan, Sames & Flannigan, for Appellee.

The judgment should be affirmed on the record brought up as it stands for non-compliance of appellants with the rules.

*Reilly* v. *Atchison,* 4 Ariz. 73, 32 Pac. 262. No proper objection was interposed by appellants to the offer of the receipts of Seffer and Brain in evidence. *Owen* v. *Frink,* 24 Cal. 177; *Satterlee* v. *Bliss,* 36 Cal. 489. If there was any evidence from which the court might infer that Seffer and Brain executed these instruments, it was not error to admit them. *Hamsher* v. *Kline,* 57 Pa. St. 397; Wigmore on Evidence, sec. 2135, and cases cited; *Wheelock* v. *Musgrove,* 1 Cr. & M. 522; 17 Cyc. 433 and 435, and cases cited. Identity of persons will be presumed from identity of name. *People* v. *Rolfe,* 61 Cal. 540; *Hogans* v. *Carruth,* 18 Fla. 587; see, generally, Century Digest, sec. 10, "Names"; also, *Rupert* v. *Penner,* 35 Neb. 587, 53 N. W. 598, 17 L. R. A. 824, and notes. It being relevant to prove custom, habit, and system in a business transaction, the court did not err in its decision on all the evidence that the instrument should go to the jury. 11 Am. & Eng. Ency. of Law, 2d ed., p. 512; Wigmore on Evidence, sec. 92; *Dunlop* v. *United States,* 165 U. S. 486, 17 Sup. Ct. 375, 41 L. Ed. 799.

KENT, C. J.—The appellants, who were the plaintiffs in the district court, brought this action to quiet title to a mining claim in the Warren mining district, called the "Bangor mine." The defendant claimed the same mining location by virtue of a subsequent location thereof upon the assertion that the claim, as located by the plaintiffs, had become forfeited by reason of plaintiffs not having performed the annual assessment work thereon for the year 1902; there being no resumption of labor on said claim prior to the date of their location of the claim on the first day of May, 1903. The issue before the court was whether the annual assessment work for 1902 had been done prior to May 1, 1903. The defendant introduced several witnesses to show that the annual expenditure had not been done, and the plaintiffs introduced evidence in rebuttal to show that the annual expenditure on said claim had been done by the owners thereof in November and December, 1902, and in January, 1903, and that full and sufficient annual expenditure had been made thereon before the first day of May, 1903. As a part of the evidence of the plaintiffs, the witnesses Turner and Matko, who participated in the making of such annual expenditure and the doing of

X Ariz.—12

such work, testified that two men, Chris Brain and Dan Seffer, also helped them do work upon said mine in December, 1902. Thereupon the defendant offered in evidence certain entries from the records of the Copper Queen Mining Company, tending to show that said Chris Brain and Dan Seffer, in December, 1902, were working for the Copper Queen Mining Company, and could not therefore have performed the work on the claim. The evidence was admitted over the objection of the plaintiffs, and the correctness of the ruling of the trial court in that respect is the principal question presented for our consideration upon this appeal.

It is apparent that, if this evidence was improperly admitted it was prejudicial to the plaintiffs. The plaintiffs, in attempting to prove the amount of the assessment work done by them and the time of such performance, had put on the stand two witnesses, who testified that Brain and Seffer did a certain amount of such work in December. Brain and Seffer were not present at the trial, and their evidence was not given. Their absence was not accounted for. The defendant, however, to offset this testimony as to the whereabouts of Brain and Seffer at the time in question, introduced in evidence certain entries from the records of the Copper Queen Mining Company,—to wit, the receipts on the pay-rolls of the company for the month of December,—purporting to be signed by the men, Brain and Seffer, in December, showing that they had worked for that company twenty-six and thirteen days respectively in that month. No other evidence to show that the men were working for the Copper Queen Mining Company was introduced. The jury might well assume, however, that if the pay-rolls were correct, the work on the mine could not have been done by these men as testified to by the plaintiffs' witnesses, and the evidence of the pay-rolls doubtless had weight in influencing the jury in finding their verdict.

We think the evidence was improperly admitted. The paymaster of the Copper Queen Mining Company testified, in substance, that the records were the records of the company; that it was the custom of the company for the men to sign the pay-rolls before they could get their money, and that it was necessary for them to do so; that these pay-rolls were the pay-rolls for December; that they were signed by men

who had worked for that month; that he was not present when they were signed; that he could not testify that the signatures were the signatures of Brain or Seffer, only that the signatures purported to be their signatures; that the writing in the body of the pay-rolls was in the handwriting of the former paymaster of the company; that precautions were always taken by the company to see that the person who signed the pay-roll was the person to whom the money was due. We do not think that sufficient proof that the signatures were in fact the signatures of these men was offered to warrant the receipt of these documents in evidence. Furthermore, the evidence at best was but hearsay and inadmissible. No testimoney other than the pay-roll containing the signatures was offered to show that the men were in fact employed by the company in December. Brain and Seffer had not given their testimony, and the evidence could not be introduced to contradict or impeach statements made by them, for they had made none. It was sought by the introduction of receipts signed by Brain and Seffer, and contained in the private books of a third person, to contradict the testimony of Turner and Matko, that Brain and Seffer were working on the mine at that time. The evidence was inadmissible for such purpose. An affidavit of Brain that he had worked for the company during the time in question could not have been received, nor could the paymaster or other person have testified that Brain had stated to him that he had so worked for the company. A receipt by Brain was of no greater force than testimony of a statement made by him. It was clearly hearsay evidence, not within any of the exceptions to the rule excluding such evidence, and was improperly admitted.

Although the point does not seem to have been raised by counsel in the court below, or in this court, in view of the fact that the case must go back for a new trial, we deem it proper to point out that under the allegations in the defendant's cross-complaint with respect to the relocation by the defendant of the claim as a forfeited claim, the location notice of the defendant would seem to be void, in failing to state that the claim was located as forfeited or abandoned property, as required by the statute, and would seem to afford the defendant no ground for the relief claimed. *Cunningham* v. *Pirrung,* 9 Ariz. 288, 80 Pac. 329.

The judgment of the district court is reversed, and the case remanded for a new trial.

SLOAN, J., CAMPBELL, J., and NAVE, J., concur.