[Civil No. 1430.   Filed June 12, 1915.]

[149 Pac. 389.]

## COPPER QUEEN CONSOLIDATED MINING COMPANY, a Corporation, ·Appellant, v. EMERSON C. STRATTON, Appellee.

1. MINES AND MINERALS—LOCATIONS—ABANDONED PROPERTY—STATUTORY PROVISIONS.—Revised Statutes, section 2324 (U. S. Comp. Stats. 1913, sec. 4620), providing that, on failure to comply with conditions of location and performance of annual work, the claim or mine shall be open to relocation as if no location had been made, provided the original locator, his heirs, assigns or legal representatives, have not resumed work after failure and before relocation, prevents a relocation from depriving the original locator of any of his rights, but when the rights of the original locator have been abandoned or forfeited, and no claim is asserted by him, his heirs, assigns or legal representatives, the land is open to relocation as if no location had ever been made, and to complete a valid location the relocator need not state that the whole or any part of the location was located as abandoned property, but where location is located as abandoned property under Civil Code of 1901, paragraph 3241, before its amendment, the location notice must state that fact.

   [As to what constitutes abandonment of mining claims, see note in 87 Am. St. Rep. 404.]

2. MINES AND MINERALS—LOCATION NOTICES—EFFECT.—A mining location notice is purely a creature of the statute, and when recorded is notice to the world of the facts set forth therein, and is constructive notice of the locator's possession, and is a step requisite to constitute a perfected mining location.

3. MINES AND MINERALS—LOCATION NOTICES—EFFECT.—A mining location notice, which conforms to Civil Code of 1901, paragraph 3232, and which is recorded within 90 days after the commencement of the location, as required by paragraph 3234, becomes constructive notice of claimant's possession, and, when posted in addition to being recorded, forms one of the steps to constitute a perfected location.

4. MINES AND MINERALS—LOCATION OF MINING CLAIMS—NOTICES—AMENDMENTS.—A mining location notice, defective when posted and recorded, because failing to contain the recital required by Civil Code of 1901, paragraph 3241, before amended, is only voidable and not void, and is open to amendment under paragraph 3238.

APPEAL from a judgment of the Superior Court of the County of Pima. Wm. F. Cooper, Judge. Reversed and remanded, with directions.

Messrs. Ellinwood & Ross, for Appellant.

Mr. John H. Campbell, for Appellee.

CUNNINGHAM, J.—The appellant on the fourteenth day of May, 1913, filed a notice of intention to apply for a United States mineral patent for a group of mining locations including the Eagle No. 2 location. The Eagle No. 2 was located by F. Geesaman and Frank Helig on January 1, 1903. During the year 1905 F. Geesaman acquired Frank Helig's estate in the claim, and thereafter, on July 23, 1912, he caused to be recorded an amended notice of said location. The description and boundaries contained in the amended location notice so posted and recorded covered the ground described in the first notice, and included no additional territory. The appellant acquired the Eagle No. 2 claim by purchase after the location notice was amended and prior to the date of filing notice of its application for patent. Within the time prescribed by law the appellee filed his adverse in the land office against the granting of a patent to the applicant for the land embraced in the Eagle No. 2 location, averring that such land is the property of appellee, acquired by him through a mining location made by him on the seventeenth day of July, 1907, as the Oversight mining claim, and alleging that the ground was, on said date, subject to location as a mining claim. The sufficiency of the adverse is not in question. In due time the appellee commenced this action, as plaintiff, in support of his adverse, and in his complaint alleged that the Eagle No. 2 location, made on the first day of January, 1903, is illegal and void, because the ground covered by such location was formerly covered by the Lafayette mining claim, and such mining claim was abandoned as forfeited when the Eagle No. 2 location was made, and the location notice of the Eagle No. 2 claim does not state that the new location is located as abandoned property, and because the other required acts of location were not performed by the locators of the Eagle No. 2 claim. Also, as a second cause of action, the plaintiff alleges that the defendant, appellant, and its grantors, forfeited and lost said claim by failing to do, or cause to be done, the amount of annual labor required to be done by law for the year 1906, and failed to resume such work

during the year 1907 prior to July 17, 1907, when plaintiff located the ground as the Oversight claim. The defendant answered, taking issue upon the matters set forth ·in the complaint as causes of action. No questions are raised upon the pleadings. During the course of the trial the parties in open court stipulated as follows:

"That on the twenty-first day of February, 1900, T. G. Condon located the ground now claimed as the Eagle No. 2 mining claim as the Lafayette mining ·claim, and that the said Condon performed all acts necessary to a valid location of said claim, and that the same was and remained a valid location until the year 1902, when ·it was forfeited and abandoned, and that the ground embraced within the Eagle No. 2 mining claim was, prior to January 1, 1903, forfeited and abandoned ground."

Thereupon plaintiff offered evidence tending to prove his location of the Oversight claim on July 17, 1907; that he performed the required annual work representing the ·claim for each year required after the date of his said location; that he was a qualified locator; and the filing of his adverse claim and other evidence tending ·to establish a *prima facie* right to recover, and rested. Thereupon the defendant offered in support of its right the original location notice of the Eagle No. 2 claim dated January 1, 1903. To which evidence the plaintiff objected ·upon the grounds that such location notice is void, for the reason said notice does not state, as the law in force at that time required such notice to state, if the whole or any part of the location ·is located as abandoned property, the fact appearing from the stipulation that the property was abandoned or forfeited property on January 1, 1903. The objection was sustained by the court, and the location notice ·was rejected. Thereupon the defendant offered the said original location notice with an amended location notice of the Eagle No. 2, dated July 13 and recorded July 23, 1912, and in connection with such offer it offered to prove by ·competent evidence the performance by it or its grantors of all necessary acts of location of the Eagle No. 2, and the ·performance by its grantors or by it of the annual work on the claim for each year from the date of the ·location to the time of giving notice of its application for patent. All of which offers were objected to on the same ground as assigned in

XVII Ariz.—9

the objection to the original location notice, and such objection or objections the court sustained, and the offers of proof were rejected. The court thereupon directed a verdict for plaintiff and rendered judgment accordingly. From the judgment and from the order refusing a new trial the defendant has appealed, and as grounds for reversal, among others, has assigned the order rejecting the original location notice of the Eagle No. 2 claim, and the order rejecting the said offers of proof as error.

We will notice only the assignments based upon the rejection of the original location notice and the original with the amended notice.

It seems to be conceded that the said location notice and the said offers of proof were rejected by the court solely upon the ground that the original Geesaman and Helig location notice of the Eagle No. 2 claim was void, because it failed to state if the location was located in whole or in part as abandoned property, the fact appearing from the stipulation of the parties that at the time the said location was made the ground was abandoned or forfeited property. The appellee makes no claim to have acquired any rights under the T. G. Condon location of the Lafayette claim. His rights are based solely and exclusively upon his Oversight location, which was commenced on the seventeenth day of July, 1907. He had no claim to the ground prior to that date, and makes none. He admits that appellant's grantors attempted to locate the ground as the Eagle No. 2, commencing such location on January 1, 1903, but denies the validity of such location to affect a legal appropriation of the ground by appellant's grantors, and serve to close such ground from location as open public domain, for the reason the locators failed to post and record a location notice containing a statement of facts required by the law then in force to be stated in the notice of a location of property located as abandoned property. The ruling of the court on the objection recognizes the legal proposition as established by the statute, to the effect that when mineral ground has once been segregated from the public domain by a valid mining location, and thereafter reverts to the public domain by reason of the abandonment or forfeiture of the location by the first locator, any subsequent locator of the ground so abandoned or forfeited and

so open to location would acquire no rights thereto unless he located such ground as abandoned property; that such ground cannot thereafter be otherwise located by anyone. In other words, the ruling asserts that while the mineral lands revert to the public domain by abandonment, or forfeiture of a valid location, its character is so changed by such valid location so that after such reversion it cannot be relocated as other mineral lands of the public domain, but requires a different form of location notice, stating a fact preserving this peculiar character derived from the prior location, and giving notice to the world that the ground was of that character of the public domain when the subsequent location was commenced.

Section 2324 of the Revised Statutes of the United States, volume 5 (Fed. Stats. Ann., p. 20, U. S. Comp. Stats. 1913, sec. 4620), recognizes a different rule, providing:

"Upon a failure to comply with these conditions (conditions of location and performance of annual work), the claim or mine upon which such failure occurred shall be open to relocation in the same manner as if no location of the same had ever been made, provided that the original locators, their heirs, assigns, or legal representatives, have not resumed work upon the claim after failure and before such location."

It is nowhere claimed in this case, and certainly not asserted in the pleadings nor in the objection, that appellee is the original locator, T. G. Condon, or that he bears the relation of heir, assignee, or legal representative to the original locator, T. G. Condon, nor that as either original locator, or heir, assignee, or legal representative of the original locator he resumed work upon the claim after the failure that caused the abandonment or forfeiture of the claim and before appellant's grantors relocated the same as the Eagle No. 2.

In *Del Monte Mining etc. Co.* v. *Last Chance Mining etc. Co.*, 171 U. S. 55, 77, 43 L. Ed. 72, 18 Sup. Ct. Rep. 895, 903, the court said:

"The statute does not provide, and it cannot be contemplated, that he [the subsequent locator] is to wait until by judicial proceedings it has become established that the prior location is invalid or has failed before he may make a location. He ought to be at liberty to make his location at once, and thereafter, in the manner provided in the statute, litigate,

if necessary, the validity of the other as well as that of his own location.''

The only restraint the statute places upon a relocation of the land after an original location has been made is such as prevents the relocator by his relocation from depriving the former locator of any of his rights. But when, as here, all of the rights of the original locator have been abandoned or forfeited, and no claim of such rights is asserted by the original locator, his heirs, assigns or legal representatives, and the contesting parties to the action concede that all rights that ever existed by reason of such prior location ceased to exist before any relocation of the ground was attempted, then it is clear that, under the statute and its unquestioned meaning, the land was open to relocation in the same manner as if no location of the same had ever been made when appellant's grantors commenced their location on January 1, 1903. The land on that date was in character open, unappropriated, public mineral land, subject to location in the same manner as if it had never been located, and, being of such character, a location thereof, made in such manner as an original location is required to be made, was effective as such, and the validity of such location cannot be questioned except upon the same grounds that a location upon ground that had theretofore never been the subject of a location can be questioned.

In order to complete a valid location of the ground in question the locators were not required to state if the whole or any part of the location was located as abandoned property, because they were not in fact locating the ground as abandoned property, but were locating the ground in the same manner as other public mineral ground is located, that is, as an original location; and, in order to complete a valid location as such, the law did not require them to state in their location notice if the whole or any part of the location was located as abandoned property, in such a state of circumstances. If the location is located as abandoned property, under the local statute (paragraph 3241, Revised Statutes of Arizona of 1901) before its amendment, then and in that case only the location notice was required to state the fact. But the statute never required the location notice of an original location to so state, nor did it ever require the locator of open, unappropriated public mineral land to so state in his location

notice when he located the same as an original location and not as abandoned or forfeited property. No fact appears in this record that justifies a finding that Geesaman and Helig located the Eagle No. 2 claim as abandoned or forfeited property. Their notice of location does not indicate such fact, nor does the stipulation. The stipulation recognized as a fact that the property was abandoned or forfeited ground when it was located, but whether it was located as such does not appear.

Appellee cites in support of the judgment *Cunningham* v. *Pirrung*, 9 Ariz. 288, 80 Pac. 329, *Matko* v. *Daley*, 10 Ariz. 175, 85 Pac. 721, and *Clason* v. *Matko*, 223 U. S. 646, 56 L. Ed. 588, 32 Sup. Ct. Rep. 392, as announcing a rule of property to the effect that any location of abandoned or forfeited mining claims, made while paragraph 3241 remained in force, is invalid if the location notice fails to state if the whole or any part of the location was located as abandoned property. We do not understand the rule laid down in the cases cited as extending further than to such relocations as are made as locations of abandoned property. In *Clason* v. *Matko, supra*, the court states the rule in these words:

"Section 3241 provides for 'the relocation of forfeited or abandoned lode claims'—in other words, claims which have once been located—and 'the new locator's right is based upon the loss of the possessory right acquired by the former locator,' to quote from *Cunningham* v. *Pirrung*, 9 Ariz. 288, 80 Pac. 329, where the rule is announced. The same rule is repeated in subsequent cases, including that at bar. *Score* v. *Griffen*, 9 Ariz. 295, 80 Pac. 331; *Kinney* v. *Lundy*, 11 Ariz. 75, 89 Pac. 496."

In each of the cases cited the relocator was seeking, by means of his relocation or new location, to acquire the possessory right of the former locator, and the contest was waged between the prior locator and the subsequent locator. The issue in each case was the question whether the prior locator had lost his possessory right by abandonment or by forfeiture. In *Cunningham* v. *Pirrung, supra* (9 Ariz. at page 293, 80 Pac. 330), the court makes the matter clear in these words:

"Where, therefore, the new locator's right is based upon the loss of the possessory right acquired by a former locator,

a location certificate which fails to state that the claim is located as forfeited or abandoned property is void, and the new locator acquires no rights under it. . . . If a claim be relocated as a forfeited or abandoned claim, such relocation admits the validity of the prior location, and the issue then is, conceding such prior location, whether the prior locator has lost his right by forfeiture or by abandonment; but where a subsequent locator bases his right upon the contention that the prior locator never made a valid location under the law, then he is not relocating a forfeited or abandoned claim, but is making an original location of a claim, the prior attempted location of which is invalid. In such a case the issue is not whether the prior locator has lost a possessory right once legally established, but whether the prior locator ever established a legal right. In such a case the statute referred to has no application, and it not only would not be proper for the new locator to state in his location notice that he located the claim as abandoned property, but such statement, if made, would preclude him from contesting the question to be determined, namely, the validity of the prior location'' (citing cases).

Thus the rule is limited only to such issues as can be raised by the prior locator as against the subsequent locator seeking to acquire the possessory right alleged to have been lost to the prior locator by abandonment or forfeiture, making the grounds upon which the subsequent location is made the contesting factor. The statute has never been held to apply to a case where the subsequent locator makes his new location as a location of open, unappropriated, public domain, and the locator does not thereby seek to acquire some right lost to a former claimant, and such former claimant asserts no rights adverse to such subsequent location. Here the subsequent locators base this right, not upon the abandonment or forfeiture of the prior location, nor upon the invalidity of such prior location, but upon an original location of open, unappropriated, public mineral land. Then no issue of abandonment or forfeiture taking place, by which the lands became open and subject to location, can be raised to which the statute could relate. That issue was disposed of by stipulation so far as it concerns this case. Had the first locator, T. G. Condon, adversed appellant's patent proceedings, and in sup-

port of such adverse commenced this action because appellant's grantors, as to his subsequent locators, had failed to state in their location notice that their location was located as abandoned property, then the issue would be whether the Condon location was abandoned or forfeited, and the statute would apply, causing the subsequent location to be void, for such failure to so state comes within the requirements of the statute, and in such case the location was presumably located as abandoned property. The statute while in force was a statute of repose, intended for the protection of original locators, preserving their rights, once legally established. When they assert no right, the reason of the rule of protection no longer exists. The reasons failing, the rule must fail. Condon, failing to adverse appellant's application for a patent upon the grounds that appellant's grantors failed to state in their relocation notice if the whole or any part of the claim was located as abandoned property, terminated all his rights, and appellee, having acquired none of his rights, cannot adverse the application for him and thus acquire the rights lost to him.

The object and function of location notices does not extend to conferring full title to mining property. Other acts of location must be also performed to confer rights. The object and functions of a location notice as it relates to title have been discussed in many cases. In *Strepey* v. *Stark*, 7 Colo. 614, 617, 5 Pac. 113, the Colorado supreme court thus discusses such subjects:

"Its objects and functions are peculiar; it differs from ordinary documentary muniments of title in that it is not a title nor proof of title; nor does it constitute, or of itself establish, the possessory right in issue, and to which it relates. It is purely a creature of the statute, and, under the evident legislative intent, its purposes and functions are twofold: When duly recorded, it becomes notice to the world of the facts therein set forth, namely, a description of the premises claimed, and by whom and when located, in order to secure the discoverer or claimant against others seeking to locate the same ground; and is thus constructive notice of the claimant's possession. In addition to this purpose which it is to serve, it would seem that by statute such certificate is made

one of the steps requisite to constitute a perfected mining location.''

The notice rejected contains all the matters the local statute (paragraph 3232, Revised Statutes of Arizona of 1901) required location notices to contain; and it was recorded within 90 days after the commencement of the location, as required by paragraph 3234 of the Revised Statutes of Arizona of 1901, thereby meeting the first of the above purposes mentioned. The notice was posted and recorded as one of the steps requisite to constitute a perfected mining location, so it comes within the object and therefore serves to perform the functions for which the law intended it to serve.

If we concede, for the purposes of this opinion, that by reason of the requirements of paragraph 3241, *supra,* the location notice in question was defective when posted and recorded, because it failed to contain the statutory recital that the notice for that reason was voidable but not void (*Kinney* v. *Lundy,* 11 Ariz. 75, 89 Pac. 496), then it was subject to amendment under paragraph 3238 of the Revised Statutes of Arizona of 1901, paragraph 4034 of the Civil Code of Arizona of 1913. *Kinney* v. *Lundy, supra; Tombstone Townsite Cases,* 2 Ariz. 272, 15 Pac. 26. Other authorities have recognized the amendable character of location notices when defective, and we consider the question of the power to amend errors and defects in the notice and the effect of the amendment as well settled in the western mining states, including this jurisdiction, but a reference to some of the cases and a presentation of some of the discussions in the authorities will not be amiss here.

In *McEvoy* v. *Hyman,* 25 Fed. 596, the United States circuit court speaking through Hallett, Judge, discussing the statutes of Colorado on the subject of amendments, said:

''It will be observed that the section provides for correcting errors and defects in a certificate of location, as well as for changing the boundaries so as to take in territory not before embraced in the claim. Doubts have arisen as to whether the proviso in relation to existing rights is applicable to the clause which refers to errors and defects in the certificate. The better opinion appears to be that the proviso relates only to the matter of taking into the claim new territory. Apparently that was the matter to which the attention

of the legislative assembly was chiefly directed. It is perhaps unfortunate that the question of amending a certificate and of changing the boundaries of a claim, which amounts to a relocation, should be expressed in general terms relating to both subjects, and in one section of the law. But the confusion resulting from such an attempt should not obscure the purposes of the law. Errors and mistakes in certificates of location are of frequent occurrence. Under the law as it is at present, a full, complete, and unimpeachable certificate cannot be made without the aid of a surveyor. . . . Everyone who is at all familiar with mining locations knows that, in practice, the first record must usually, if not always, be imperfect. Recognizing these difficulties, it has never been the policy of the law to avoid a location for defects in the record, but rather to give the locator an opportunity to correct his record whenever defects may be found in it. Such seems to be the meaning of the first clause of the section above. If, at any time, a certificate shall be found defective or erroneous, it may be amended; and section 16 (Gen. Stats. 1883, p. 722) of the same act, which declares that defective certificates shall be void, when read in connection with this section and qualified by it, will be understood as saying that defective certificates are lacking in force and sufficiency until amended as provided in section 25, but not wholly void. A void thing is null, and not subject to amendment. A thing *in esse* is a condition precedent to the exercise of the power of amendment, for a living graft cannot be put on a dead stock, therefore it is not correct to say that an imperfect certificate is void. When amended it has full life, and the amendment takes effect with the original as of the date of the latter. This is the function and proper office of an amendment, to put the original in perfect condition as if it had been complete in the first instance'' (citing *Strepey* v. *Stark*, 7 Colo. 614, 5 Pac. 111, as supporting the proposition of the right of a locator to amend his certificate).

The question discussed in *Frisholm* v. *Fitzgerald,* 25 Colo. 290, 53 Pac. 1109, is thus stated:

''. . . We will dispose of the objection upon the assumption that appellants' locations were made upon a valid discovery, and that, in so far as they might thereby acquire intervening rights, they have done so, and determine whether, under such

circumstances, a defective certificate is susceptible of amendment. While by section 2400, General Statutes, it is declared that a certificate . . . shall be void, yet by section 2409 it is provided" (quoting the statute).

After citing and quoting from *McEvoy* v. *Hyman* (C. C.), 25 Fed. 596, 15 Morr. Min. Rep. 397, *Strepey* v. *Stark,* 7 Colo. 614, 5 Pac. 111, the court says:

"We think, therefore, that the court properly admitted the original and amended certificates of appellee in evidence."

In *Duncan* v. *Fulton,* 15 Colo. App. 140, 61 Pac. 244, the Colorado court of appeals had before it the question of the admissibility of the original and amended location certificate, and, after reviewing a number of cases, summarized its conclusion in these words:

"We hold that there is on the face of the second certificate a sufficient and adequate description by reference to a natural object and a permanent monument. We further hold that the original location certificate is admissible, and that it, with the additional certificate, may be used to determine any point in the claim or in the description of it by the required reference to a natural object and a permanent monument."

In *Morrison* v. *Regan,* 8 Idaho, 291, 67 Pac. 955, the supreme court of Idaho followed the same rule.

Mr. Lindley, in the third edition of his work on Mines, in discussing the object and functions of amended certificates, in volume 2, section 398, page 929, says:

"Where the object [of the amendment] is simply to cure imperfections and obvious defects, and there is no attempt to include new ground, the amended certificate will relate back to the original, in spite of intervening locations" (citing *McEvoy* v. *Hyman* [C. C.], 25 Fed. 596, 599, 15 Morr. Min. Rep. 397; *Tombstone Townsite Cases,* 2 Ariz. 272, 15 Pac. 26, 27; *Hall* v. *Arnott,* 80 Cal. 348, 22 Pac. 200, 203; *Frisholm* v. *Fitzgerald,* 25 Colo. 290, 53 Pac. 1109 (dissenting opinion); *Duncan* v. *Fulton,* 15 Colo. App. 140, 61 Pac. 244, 246, 20 Morr. Min. Rep. 522; *Morrison* v. *Regan,* 8 Idaho, 291, 67 Pac. 955; *Bismarck Mt. G. M. Co.* v. *North Sunbeam G. Co.,* 14 Idaho, 516, 95 Pac. 14, 16; *Bergquist* v. *West Virginia-Wyoming Copper Co.,* 18 Wyo. 234, 106 Pac. 673, 677).

It was reversible error for the court to reject the original location notice of the Eagle No. 2 upon the grounds stated

in the objection. The court further erred in rejecting the offer of the original notice, with its amendment, for the same reason. Alone, the original location notice is, on its face, an original location notice sufficient in contents to supply the necessary step of a location of open, unappropriated, public mineral land; and if such location was made as a location of abandoned or forfeited mining ground, then if the prior locator of the ground were here complaining, yet the notice in its present form would be admissible *prima facie* tending to establish a link in the location, and would become ineffective only when the prior locator would show by proof that such location was made as a location of abandoned property, and was based on the abandonment or forfeiture of the property, and in such event the location notice would not be inadmissible because of the defect, if the defect had been cured by amendment and the amended notice accompanied the original in the offer.

For these reasons the judgment must be reversed and the cause remanded, with instructions to grant a new trial.

ROSS, C. J., and FRANKLIN, J., concur.

Motion for rehearing denied February 10, 1916.

___

On the location of mining claims, see note in 7 L. R. A. (N. S.) 765.

As to relocation of claim as abandoned or forfeited, see note in 68 L. R. A. 833.