[Criminal No. 221.    Filed March 30, 1906.]

[85 Pac. 721.]

YGNACIO SAMANIEGO, Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. CRIMINAL LAW—MURDER—SECOND DEGREE—EVIDENCE—SUFFICIENT TO SUSTAIN VERDICT.—Evidence reviewed and held sufficient to sustain verdict of guilty of murder in the second degree.

X Ariz.—5

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Yuma. Edward Kent, Judge. Affirmed.

The facts are stated in the opinion.

Wupperman & Wupperman, for Appellant.

If defendant was assaulted by deceased in such a manner as to induce in his mind a well-grounded belief that he was actually in danger of death or great bodily harm, he was justified in defending himself, whether the danger was real or only apparent; and the common-law right of self-defense is not impaired by statutes making it an indictable offense to fight in a public place with deadly weapons. And when an unlawful and violent attack is made on one, which reasonably indicates that serious bodily injury is about to be inflicted, the assailed may kill his assailant at once. 4 Am. & Eng. Ency. of Law, 1st ed., p. 691, and notes.

E. S. Clark, Attorney-General, for Respondent.

DOAN, J.—The appellant was tried before a jury in the district court of Yuma County on December 7 and 8, 1904, on the charge of murder, and was found guilty of murder in the second degree, and on December 10th sentenced to a term of imprisonment. He has appealed from the judgment of conviction on the ground that the verdict of the jury was contrary to the law and the evidence.

The only part of the record in this case that is presented to us is the copy of the notice of appeal, motion for a new trial, the transcript of the reporter's notes of the oral testimony, and the charge of the court. The appellant has not presented any assignment of errors or bill of exceptions. From the testimony of the defendant we learn that on the morning of the homicide the defendant and the deceased left a ranch in the northern part of Yuma County, where they were camping, and went out into the hills; that neither of them was armed. The defendant testified that on the morning in question the deceased invited him to take a walk with him, saying that he wanted to talk with him; that after they had gone about a mile a difficulty arose between them; that the deceased threw five rocks at him, but did

not hit him with any of them; that he threw two rocks at the deceased, and with the third rock struck him on the side of the head, inflicting a wound that caused his instant death, after which he covered the body over with rocks and brush and went back to camp; that he there told the wife of the deceased that he had killed her husband and buried him; that he likewise told a couple of other persons, and later in the day went with them to the place where the body lay, and helped remove the rocks and brush therefrom. The wife of the deceased testified that before she and her husband had arisen in the morning the defendant came to them and called the deceased and asked him to get up and go into the hills to see a placer prospect; that on the invitation of the defendant deceased arose, and the two men, after drinking a cup of coffee, went off together to the hills; that on the return of the defendant alone she asked for her husband, and was told by the defendant that he had gone to Harqua Hala, an adjacent mining camp, to meet a friend. Later in the day, when she again asked the defendant, he told her not to get scared, that he had killed her husband and buried him. She at once repeated this statement to other persons, after which the defendant was arrested, and the body of the deceased was found and identified. The testimony of the two persons who went with the defendant to the scene of the homicide and brought in the body is to the effect that there were several wounds upon the head and face, one witness stating that there were as many as a dozen; that the entire side of the skull was crushed in on one side of the head. The case was submitted on this evidence to the jury under proper instructions from the court regarding the right of self-defense. The jury, after having heard the testimony, and having observed the appearance of the witnesses and their demeanor upon the stand, returned their verdict finding the defendant guilty of murder in the second degree.

The only ground for reversal urged in this case is that the verdict was against the evidence, whereas the record shows ample evidence to sustain the verdict. A further examination of all of the record that has been presented to us discloses no error in the proceedings in the lower court.

The judgment is therefore affirmed.

SLOAN, J., CAMPBELL, J., and NAVE, J., concur.