## CLASON *v.* MATKO.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF
ARIZONA.

No. 178. Submitted February 26, 1912.—Decided March 11, 1912.

Where the statute provides for an agreed statement on which the case
can be submitted, a stipulation between the parties as to certain facts
will not be considered as an agreed statement superseding the
pleadings but only as an agreement relating to the facts enumerated
in the stipulation.

This court is not disposed to reverse a lower court on its construction
of a stipulation in the conduct of a case, even if the stipulation be
ambiguous.

While there may be a distinction between abandonment and forfeiture
of mining claims, there is no distinction as those terms are used in
§ 3241, Rev. Stat., of the Territory of Arizona.

That which is taken subject to a right cannot be a burden upon that
right.

Section 3241, Rev Stat., Arizona, was enacted pursuant to the power
given by § 2324, Rev. Stat. of the United States, and is not in con-
flict either with that section or with § 1857, Rev. Stat. of the United
States.

10 Arizona, 175, affirmed.

THE facts, which involve the construction and con-
stitutionality of the mining laws of Arizona and the
validity of a mining location thereunder, are stated in the
opinion.

*Mr. Edw. M. Cleary* and *Mr. Edw. J. Flanigan* for ap-
pellant.

*Mr. A. R. Serven* and *Mr. John McGowan* for appellees.

MR. JUSTICE MCKENNA delivered the opinion of the court.

Action to quiet title to a mining claim called the "Bangor." The action was brought in the District Court of the First Judicial District, County of Pima, Arizona, by appellees as plaintiffs against August Daley, Clason, appellant here, subsequently being made a party. It will be convenient to refer to appellees as plaintiffs and, except where necessary to expressly distinguish appellant, to include him with Daley under the designation of defendants.

The amended complaint alleged the location of the claim by one Scott Turner and the recording of the notice thereof, a copy of which was annexed to the complaint. There was an allegation of a claim of interest in the defendants, and a prayer for judgment "establishing plaintiffs' estate in and exclusive possession" of the claim and "debarring and forever estopping defendants, and each of them, from claiming any right or title" thereto.

The fourth amended answer of the defendants denied the allegations of the complaint, except that Scott Turner filed a notice of location, and alleged that the claim of the plaintiffs had become forfeited on account of their failure to do the necessary assessment work and that August Daley entered upon and relocated the claim.

As a further defense it was alleged that the action had been originally commenced against Daley as the sole defendant, and that in the first trial of the action a stipulation was entered into as follows:

"That all parties plaintiff and defendant are now and at all the times mentioned in the pleadings have been each citizens of the United States of America.

"That the respective locations, upon which, as shown by the pleadings herein, the parties plaintiff and defendant, base their rights to the 'Bangor' Mining Claim, were

each duly made, and that all acts required by the laws of
the United States, and the laws of the Territory of Arizona,
necessary to vest in the parties so locating good and valid
titles so far as valid location could vest the same, such as
mineral discovery, monumenting of claim, and recording
of location notices, etc., were each duly done and per-
formed at the time of said locations, except that plaintiffs
do not admit that at the time of said location of defendant
Daley the ground was open to such location by reason
of failure to do assessment work for the years 1901 and
1902, or to resume work prior to the date of said location."

The case went to trial, it is alleged, on the single issue
whether the claim was open to location, and resulted in a
judgment against Daley. A new trial was granted, which
took place, and the agreement was recognized by counsel
and the parties to be still in force and effect, and the same
issue was submitted to a jury as in the first trial to the
court, and a verdict and judgment went for defendant
Daley. The judgment was reversed by the Supreme
Court and the cause remanded for a new trial (10 Arizona,
175, 85 Pac. Rep. 721), the court saying (10 Arizona, 179):
"   .   .   .   Under the allegations in the defendant's cross-
complaint with respect to the relocation by the defendant
of the claim as a forfeited claim, the location notice of the
defendant would seem to be void, in failing to state that
the claim was located as forfeited or abandoned property,
as required by the statute, and would seem to afford the
defendant no ground for the relief claimed. *Cunningham*
v. *Pirrung*, 9 Arizona, 288, 80 Pac. 329."

The defendants ever since the making and filing of the
agreement have relied on it as establishing the doing of
assessment work on the claims and the validity of the
claims by reason thereof, the agreement never having
been rescinded or withdrawn.

As a further defense it was urged that the decision of
the Supreme Court of the Territory in *Cunningham* v.

*Pirrung,* in so far as it holds or construes paragraph 3241 of the Revised Statutes of Arizona (Revision of 1901), as it existed prior to the amendment of 1907, to provide that the relocation of a forfeited mining claim shall be void or voidable when the relocation notice does not state that the "whole or any part of the ground covered by such relocation is relocated or located as forfeited ground," and that said statute, in so far as it justifies such interpretation, is contrary to the provisions of § 2324 of the Revised Statutes of the United States in its general terms and specifically to that portion thereof which provides that upon failure to do assessment work therein required such claim "shall be open to relocation in the same manner as if no location of the same had ever been made," and also contravenes the provisions of § 1851 of the Revised Statutes of the United States, and the defendants specially rely upon said provisions of the laws of the United States.

The defendants also filed a cross-complaint, which asserted title in them derived from a location of the claim, a notice of which was attached.

The cross-complaint further alleged that the title of the plaintiffs was derived from Scott Turner, but that plaintiffs had no title by reason of the fact that the annual assessment work had not been performed, that the ground was open to relocation, that before work was resumed Daley entered upon the land and duly located it as a mining claim and performed all acts required to perfect the location prior to any attempt of the plaintiffs to resume work thereon. All of the separate defenses pleaded were made part of the cross-complaint.

The location notice attached to the cross-complaint did not state that the claim was located as forfeited or abandoned property.

There was attached to the cross-complaint an amended location notice signed by August Daley and Charles Clason. It refers to the location by Daley and states

that such location was made as a relocation of forfeited ground for the failure to do assessment work. It further states that the amended notice of location was made, without waiving any previous rights, to secure all of the benefits of paragraph 3238 of the Revised Statutes of Arizona (1901), and without waiving, but especially relying upon, the rights conferred upon Daley by his original location by the laws of the United States. It also states that Charles Clason was the owner of an undivided one-half interest under Daley.

A demurrer was sustained to the cross-complaint, and, defendants declining to amend, judgment was entered for plaintiffs in accordance with the prayer of their complaint upon the stipulation of facts which has been set out above. The case was taken by Clason to the Supreme Court of the Territory, where the judgment was affirmed.

The first question in the case is the effect of the stipulation. Appellant contends that all questions were "formally and expressly" admitted by it "pertaining to the validity of the respective locations except the single question, which was: Was the ground open to relocation on. May 1, 1903, for plaintiffs' [appellees'] default in performing the work required by law? It covered, therefore, it is further contended, all acts necessary to be done under the laws of Arizona; that is, to come to the specific controversy in the case, the stipulation contained an admission that the location notice complied with the laws of Arizona, which necessarily includes compliance, it is contended, "with section 3241 in any construction thereof."

The enumeration, it is urged, in the stipulation of certain acts cannot be considered "to have been intended to be exhaustive, but merely illustrative of what the parties considered necessary to make a valid location or relocation," and there was left open only the failure of plaintiffs to do the assessment work. And this, it is insisted further, was the construction of the parties through two trials,

and that its insufficiency is now urged in the face of that fact and that defendants have expended money upon the faith of the waiver of the defect in the location notice.

The trial court and the Supreme Court took a different view of the stipulation and considered it as but a substitute for evidence, not waiving or supplying the defects of the pleadings, and that, therefore, as the cross-complaint contained no allegation of compliance with law, it was insufficient. And both courts held further that the stipulation, as evidence, did not establish such compliance.

The Supreme Court explicitly, and the trial court impliedly, from its action in sustaining the demurrer to the cross-complaint, took a different view of the stipulation as indicated by the conduct of the parties. The "obvious purpose of the parties in filing the stipulation," the Supreme Court said, "was manifestly to have it take the place of testimony or other evidence upon the trial, and not to supplant the pleadings in the case." The court recognized that the parties could under the laws of the Territory have agreed upon a statement of the case which would have a substitute for formal pleadings, but, said the court, "such was not the attempt in this case, as appears from the stipulation itself and the conduct of the parties in the proceedings subsequent to the entry of the stipulation," both parties amending their pleadings after the filing of the stipulation. The court concluded, therefore, that it was not an agreed case under paragraph 1390 of the Revised Statutes of the Territory, "but a stipulation appertaining merely to the matter of evidence upon the trial."

The record seems to support this view. It is true that it appears from the answer of the defendants that the stipulation was filed before the trial of the action and that the case was submitted and decided against defendants on the single issue as to whether the claim was open to relocation by Daley.

A new trial was granted, upon what ground does not appear. It does appear, however, that the case was again submitted on the same issue, a judgment resulting for Daley. It was reversed by the Supreme Court, the court intimating that the defect in the cross-complaint in not stating that the relocation by Daley was upon forfeited or abandoned property, as required by the statute, would seem to make the relocation void, and the intimation was made to control or have effect in the new trial which was ordered. It was after this decision that the fourth amended answer and cross-complaint were filed and the demurrer which attacked the cross-complaint.

But if it be granted that the stipulation is ambiguous, we should not be disposed to reverse the lower court on its construction. It pertained simply to the conduct of the trial and a dispute between counsel as to the effect of an agreement between them, and its decision deprived the defendants in the action of no right which they possessed. We do not consider it necessary to review the cases cited by appellant in which stipulations have been sustained and the power of the parties recognized to waive legal or even constitutional rights.

The construction of the Supreme Court of § 3241 of the Revised Statutes of the Territory is attacked. That section required, before its amendment in 1907, that in case of a relocation of a claim the location notice should state if the whole or any part of the new location was located as abandoned property, else it should be void. The section is inserted in the margin.[1]

---

[1] 3241. (Sec. 11.) Such affidavit, when so recorded, shall be *prima facie* evidence of the performance of such labor or the making of such improvements, and said original affidavit, after it has been recorded, or a certified copy of record of same, or the record of same shall be received as evidence accordingly by the courts of this territory. The relocation of forfeited or abandoned lode claims shall only be made by sinking a new discovery shaft and fixing the boundary in the same manner and to

The contention is that this section, properly considered, applied only to "abandoned property" and did not apply to forfeited property, and it is insisted that the distinction between forfeited and abandoned property is well recognized and is "obliterated," by the court's construction.

Of course, there may be a distinction between the abandonment of a claim and its forfeiture, but the question does not turn upon that distinction only, but upon what the statute means, considering all of its words; and, considering them all, we think they show quite clearly that no distinction was intended. Section 3241 provides for "the relocation of forfeited or abandoned lode claims" —in other words, claims which have once been located— and "the new locator's right is based upon the loss of the possessory right acquired by the former locator," to quote from *Cunningham* v. *Pirrung,* 9 Arizona, 288 (80 Pac. Rep. 329), where the rule is announced. The same rule is repeated in subsequent cases, including that at bar. *Score* v. *Griffin,* 9 Arizona, 295; *Kinney* v. *Lundy,* 11 Arizona, 75; 89 Pac. Rep. 496.

Even if we should concede that the statute is ambiguous, we should certainly lean to agreement with the Supreme Court of the Territory. *Fox* v. *Haarstick,* 156 U. S. 674; *Armijo* v. *Armijo,* 181 U. S. 558; *English* v. *Arizona,* 214 U. S. 359; *Santa Fe County* v. *Coler,* 215 U. S. 296, 305; *Albright* v. *Sandoval,* 216 U. S. 331.

The next contention of appellant is that if the statute admits of the construction put upon it by the Supreme

the same extent as is required in making an original location; or the relocator may sink the original discovery shaft ten feet deeper than it was at the date of the commencement of such location, and shall erect new or make the old monuments the same as originally required. In either case a new location monument shall be erected, and the location notice shall state if the whole or any part of the new location is located as abandoned property, else it shall be void. (Rev. Stat. Ariz., 1901, Tit. 47, p. 839.)

Court of the Territory it is unconstitutional and in conflict with §§ 1857 and 2324 of the Revised Statutes of the United States.

Upon what ground the statute is unconstitutional is not stated, and we can put that objection aside and pass to the asserted conflict with the Revised Statutes of the United States. It is only necessary to consider § 2324. Section 1857 expresses a general limitation of the powers of the Territory by the Constitution and laws of the United States. The other section directly concerns locations of mining ground.

The section permits the miners to make regulations in regard to mining locations not in conflict with the laws of the United States or of the State or Territory in which the mining district is situated, "governing the location, . . . subject to the following requirements: On each claim located after the tenth day of May, eighteen hundred and seventy-two, and until a patent has been issued therefor, not less than one hundred dollars' worth of work shall be performed or improvements made during each year, . . . and upon a failure to comply with these conditions, the claim or mine upon which such failure occurred shall be open to relocation in the same manner as if no location of the same had ever been made."

Appellant contends "that the spirit and intention of this enactment" is that upon the failure of the original locator to comply with the provisions of the law "the ground is open to relocation in the same manner as if no location had ever been made," and that, therefore, neither a State nor a Territory can impose conditions or burdens upon the exercise of the right.

That cannot be said to be a burden upon a right to which the right when taken is subject. The section gives to the miners of a mining district and the State or Territory in which the district is situated the power to make regulations "governing the location" of a mining claim,

subject to certain requirements.  Those requirements may not be dispensed with, but they may be supplemented, certainly to the extent (and we need go no farther in this case) prescribed by the Arizona statute.  It is a provision strictly "governing the location," and is not repugnant either to the spirit or the letter of the mining laws of the United States. *Butte City Water Co.* v. *Baker*, 196 U. S. 119.

*Judgment affirmed.*