### UNITED STATES FIDELITY & GUARANTY CO. v. HENRY WATERHOUSE TRUST CO., Limited.

(Circuit Court of Appeals, Ninth Circuit. February 16, 1926.)

No. 4624.

1. **Courts ⊕⟹90(1)—Decision that surety on corporate executor's bond was liable for executor's debts to estate held not inconsistent with decision that executor's antecedent debt to estate was not preferred claim (Rev. Laws Hawaii 1925, § 3488, par. 3).**

Decision of Supreme Court of Hawaii that surety on corporate executor's bond was liable for executor's debts to estate *held* not inconsistent with decision that executor's antecedent debt to estate was not preferred claim against assets of executor in hands of its receiver, under Rev. Laws Hawaii 1925, § 3488, par. 3.

2. **Receivers ⊕⟹152—Antecedent debt of insolvent corporate executor to estate held not entitled to preference as fiduciary obligation (Rev. Laws Hawaii 1925, § 3488, par. 3.)**

Antecedent debt of corporate executor to estate *held* not a fiduciary obligation, either as money received on trust account or as debt incurred by executor while acting in fiduciary capacity so as to be entitled to preference in distribution of assets of insolvent executor in hands of receiver, under Rev. Laws Hawaii 1925, § 3488, par. 3.

11 F.(2d)—32

3. **Courts ⊕⟹406(1)—Doubt as to construction of ambiguous Hawaiian statute should be resolved in favor of construction thereof by Supreme Court of Hawaii.**

Doubt as to meaning of statute of territory of Hawaii should be resolved in favor of construction placed thereon by Supreme Court of Hawaii.

Appeal from the Supreme Court for the Territory of Hawaii.

In the matter of the receivership of the Security Trust Company, Limited, corporate executor of the will of Manuel Branco, deceased. From a decree of the Supreme Court of Hawaii, reversing a decree entered on petition for instructions ordering the Henry Waterhouse Trust Company, Limited, receiver, to give preference to and make a payment on account of certain claims of estate of Manuel Branco to administrator de bonis non, the United States Fidelity & Guaranty Company, surety on the executor's bond, appeals. Affirmed.

Robertson & Castle, of Honolulu, Hawaii, and Horace W. B. Smith and P. R. Lund, both of San Francisco, Cal., for appellant.

Harry Irwin, of Hilo, Hawaii, for appellee.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

GILBERT, Circuit Judge. The appeal in this case presents questions arising under the second of two controversies over the settlement of the estate of Manuel Branco, deceased, the first of which was before this court in United States Fidelity & Guaranty Co. v. Vicars (No. 4620) 10 F.(2d) 474.

In the present case the appellee herein, as receiver of the Security Trust Company, Limited, presented to the circuit court of the Fourth judicial district of Hawaii a bill for instructions and authority to make payment. Therein it alleged that the trust company, as executor of Branco's estate, did not pay any of the principal of its notes to said estate, but paid the interest thereon up to December 7, 1921; that the receiver has in its hands $68,000, which could be devoted to payment of claims against the trust company, and that in addition thereto $22,500 may be collected, together with probably $25,000 more realizable on account of stockholders' liability; that claims have been filed against the trust company to the amount of $210,725; that the receiver can at the present time pay $27,500 to the administrator de bonis non of Branco's estate, on account of the claim of said estate against the trust company on its three $25,000 notes, provided said claim is a

preferred claim under paragraph 3 of section 3372 of the Revised Laws of Hawaii of 1915.

The receiver prayed for instruction upon the following questions: First, is the claim on the three $25,000 notes a preferred claim, within said paragraph 3 of section 3372, or otherwise? And, second, is the claim on the $7,000 note in favor of Branco's estate, due March 7, 1922, a preferred claim against the petitioner under said paragraph 3, or otherwise? The circuit court ruled, that the claim arising in favor of Branco's estate on the three $25,000 notes was a preferred claim under the Revised Laws of 1925, § 3488, par. 3, and should be paid as a claim arising thereunder upon the same basis as all other claims in the same class; that the claim on the $7,000 note was not a preferred claim against the receiver under said paragraph 3, but was a preferred claim under paragraph 4 of said section, and should be paid by the receiver upon the same basis as other claims of that class—and ordered that the receiver make partial payment to the administrator on account of the three $25,000 notes. From that decree the receiver and administrator appealed to the Supreme Court of the territory.

That court held that an antecedent debt of a trust company, appointed executor of the estate of its creditor, is not a fiduciary obligation within the meaning of paragraph 3, section 3488, Revised Laws of 1925, but is an ordinary debt, which is not entitled to preference, and is payable under the provisions of paragraph 5 of said section 3488, and that the claim on the $7,000 note is not a preferred claim against the receiver under either paragraph 3 or 4, section 3488, but is an ordinary debt, payable as such, under the provisions of paragraph 5, section 3488, and reversed the decree of the circuit court. The administrator de bonis non having refused to join in an appeal from the judgment of the Supreme Court, the appellant herein took its appeal to this court from that part of the decree finding and ordering that the claim in favor of the estate of Manuel Branco on the three notes of $25,000 each is not a preferred claim against the receiver.

The Revised Laws of 1925 provide for the appointment of a receiver and the winding up of the business of a trust company, when it has become insolvent or its capital impaired, and authorize the receiver to reduce the assets to possession and pay the debts. Section 3488 provides:

"Upon the winding up, the assets of the company shall be used in the following manner, that is to say: First. To the cost and expense of the winding up, including the receiver's compensation. Second. To the payment of all obligations incurred by the corporation by reason of acting in a fiduciary capacity by appointment of any court. Third. To the payment of all other fiduciary obligations of the corporation, including moneys received on trust account and obligations incurred while acting in a fiduciary capacity by appointment of individuals under wills, trust deeds, or otherwise. Fourth. To the payment of bonds, debentures, or other secured debts of the corporation. Fifth. To the payment of all other debts or obligations of the corporation. Sixth. To the distribution among the stockholders, pro rata, of any remaining assets."

[1] It is contended that the two decisions of the Supreme Court of the territory above referred to are wholly inconsistent and contradictory; that in the one case it was decided that the debt to the Branco estate is a preferred claim, while in the other case it was decided that the debt is not a preferred claim; and the appellant invokes the common-law rule that a debt due from an executor to his testator is considered paid, and is deemed assets in his hands, for which he is as much answerable to the creditors of the testator as if he had actually received that amount in cash from any other person indebted to the estate, and asserts that by virtue of that rule the trust company's debt to the estate became realized assets in its hands as executor, citing, among other cases, McEwen v. Fletcher, 146 N. W. 1, 164 Iowa, 517, Ann. Cas. 1916D, 631, to the doctrine that equity presumes the debt to have been paid, and treats it as an asset in the hands of the executor for the payment of debts and legacies, and Arnold v. Arnold, 27 So. 465, 124 Ala. 550, 82 Am. St. Rep. 199, where it was held that the money owing from the administrator "became money in his hands, without reference to his solvency or insolvency which it was his duty to account for."

We think the two decisions are not necessarily inconsistent. In the first case the question in issue was whether or not the executor did comply with the terms of the bond upon which the appellant here is surety, "and well and faithfully perform the duties of said office according to law." The decision was that the executor had not well and faithfully performed the duties of its office, as obligated by the terms of the bond, and that it had utterly failed to exercise that diligence which the law requires, in satisfying its indebtedness to the estate which had then ma-

tured, for the failure of which the surety on its official bond was liable. There was no ruling that the claim in favor of the estate on said promissory notes was a preferred claim under the statute or otherwise. The case at bar, on the other hand, deals exclusively with the question of the duties of the receiver under statutory authority in the distribution of the assets of an insolvent trust company, and the decision holds that the claim of the Branco estate is not a preferred claim against the assets, and that within the meaning of the statute of Hawaii the relation between the trust company and the estate was not an actual fiduciary relation resulting from voluntary action of the parties, but was a fictitious relation imposed by law in invitum.

[2] Nor are we convinced that the Supreme Court was in error in answering as it did the requests for instructions so submitted by the receiver. Turning to the language used in paragraph 3 of section 3488, we think there is substantial ground for holding that the reference is to moneys actually received in hand on trust account, and to obligations incurred at a time when the trust company was acting in a fiduciary capacity. The debt which the trust company owed to the estate was not for cash which it had received on trust account. If in any sense it can be said that the debt represented money received by the executor or in its hands, it was but money imputed to have been received, money received by fiction of law, and not through actual payment in cash. Nor, within the language of the statute, was the trust company's debt to the estate an obligation incurred by it as executor or while acting in a fiduciary capacity. It was an obligation incurred by it before its appointment as executor, and before the death of the testator, and before the creation of any fiduciary relation. A debt owed by an executor as such is a fiduciary debt, for the reason that it arises, not upon a contract, but upon the receipt of money in trust. Crisfield v. State, 55 Md. 192.

The controlling fact here, however, is that the trust company as executor never at any time had money in its hands that actually longed to the Branco estate. The utmost that can be said is that it had of its own funds money that it ought to have applied to the payment of its debt to the estate and for which, for its failure to pay, its surety became liable. The receiver in the instant case deals primarily with the distribution of the individual assets of the trust company, and if any of the funds which came into its hands are impressed with a trust its obligation is to pay the same to the cestui que trust, and that obligation is affirmed in the statute where it refers to "moneys received on trust account," and "other fiduciary obligations," and "obligations incurred while acting in a fiduciary capacity."

[3] Even if the statute is ambiguous, doubt as to its meaning should be resolved in favor of the construction placed upon it by the Supreme Court of the territory. Clason v. Matko, 32 S. Ct. 392, 223 U. S. 646, 56 L. Ed. 588; Ewa Plantation Co. v. Wilder (C. C. A.) 289 F. 664, 670, and cases there cited.

The judgment is affirmed.