COMMISSIONER OF INTERNAL REV-
ENUE, Petitioner,

v.

R. E. L. FINLEY, Respondent.

COMMISSIONER OF INTERNAL REV-
ENUE, Petitioner,

v.

Jerline Dick FINLEY, Respondent.

COMMISSIONER OF INTERNAL REV-
ENUE, Petitioner,

v.

R. E. L. FINLEY and Jerline Dick Finley,
Respondents.

Robert Wesley FINLEY, Petitioner,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

COMMISSIONER OF INTERNAL REV-
ENUE, Petitioner,

v.

Jacqueline Finley O'SHEA, Dan M.
O'Shea, Dan M. O'Shea and Jacqueline
Finley O'Shea, Harry L. Berry, Irene
Dick Berry, Harry L. Berry and Irene
Dick Berry, and Dick L. Berry, Re-
spondents.

Nos. 5874, 5876, 5878, 5901, 5882–5888.

United States Court of Appeals
Tenth Circuit.

April 9, 1959.

Rehearing Denied in No. 5901
May 13, 1959.

Karl Schmeidler, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson and Melva M. Graney, Attys., Department of Justice, Washington, D. C., with him on the brief), for the Commissioner of Internal Revenue in all cases.

No appearance for petitioner in No. 5901. Ram Morrison, Oklahoma City, Okl., filed a brief for petitioner in 5901.

No appearances in other cases.

Before BRATTON, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

These proceedings are here on petitions to review decisions of the Tax Court relating to the members of an Oklahoma family partnership referred to as "Fosco".[1] 5901 involves income tax deficiencies of Robert Wesley Finley[2] for the years 1946, 1947, 1948 and 1949. The remaining petitions were filed by the Commissioner to protect the revenue, and are to be considered only in case of a reversal in 5901. The parties agreed in the Tax Court that the several petitions for redetermination would be presented in two consolidated hearings, the first to include the cases here numbered 5874, 5876 and 5878, concerning deficiencies of R. E. L. Finley and his wife, Jerline

Dick Finley, for the years 1946 to 1950, inclusive. The remaining cases, including that of the taxpayer, were tried together immediately after this first hearing. It was stipulated that all matters relating to Fosco would be tried in the first consolidated proceeding, and that the Tax Court's determination in that proceeding, with respect to such issues, would be binding on all the taxpayers.

The taxpayer contends that the Tax Court erred (1) in permitting the Commissioner to file, after the record was closed, an amended answer based on evidence offered only in the first hearing, and (2) in disallowing a deduction for a loss incurred from an alleged sale of personal property.

In determining the tax deficiencies of the various partners, the Commissioner disallowed items totalling $57,217.26, which were claimed to be Fosco subcontract expenses for the years 1946, 1947 and 1948.[3] The basis for this disallowance was that it had not been shown that the payments were for work performed by a subcontractor and that the entire amount had been returned to the partnership or to its partners. In attempting to justify the deduction of these expenditures, the taxpayer was called as a witness in the first consolidated proceeding and testified that during the year 1946 the partnership issued its check in the amount of $9,500 payable to a subcontractor, Baughman, who endorsed the check and returned it to the taxpayer, who then deposited it in his personal bank account. He also testified that a similar transaction occurred in 1947 involving a check for $1,995. In his testimony the taxpayer claimed that the proceeds of these checks did not belong to him, and gave various explanations for the deposits. These amounts were not reported as part of his income for the years in question. Neither the Commis-

---

1. During the years in question, Fosco was engaged in the general construction business and contracted for the construction of public projects. A considerable amount of the construction contracted for was completed by subcontractors.

2. Hereinafter referred to as "taxpayer".

3. This amount was paid to subcontractor Baughman by checks issued over a period of time without the customary invoices to support them.

sioner's notice of deficiency nor his answer to the taxpayer's petition for redetermination claimed these items to be income to the taxpayer. Evidence of the two transactions was not re-offered in the trial of the taxpayer's case.

With respect to the taxpayer's petition, the Commissioner, at the close of the second consolidated proceeding, requested permission to file an amended answer to conform the pleadings to the proof. This request was granted without a showing as to what the amendment would be. Several months thereafter, and prior to a decision in the case, the Commissioner filed an amended answer alleging that the two aforesaid items should be treated as income to the taxpayer. Relying upon the evidence and findings in the first case, the Tax Court upheld the Commissioner's contention.

Although not resisting the Tax Court's conclusion on its merits, the taxpayer contends that there is no evidence in the record of Number 5901 to sustain it. He urges that the stipulation between the parties did not authorize the Tax Court to treat testimony heard during the preceding trial as if it were reintroduced in the second hearing; that such testimony was never made a part of the record in his case; and furthermore, that the question of whether the two

items were income to the taxpayer was never in issue.

■■■ In its decision on the taxpayer's petition, the Tax Court referred to the stipulation of the parties wherein it was agreed that a determination in the first case of all issues concerning Fosco would be determinative of related issues in the other cases. It specifically incorporated, by reference, the relevant finding into the record of this case.[4] One of the issues in the first case was whether certain payments by Fosco to subcontractor Baughman were for work performed, and whether these payments, or any of them, were returned to the partners. Taxpayer's testimony was in support of the allowance of these payments as deductible business expense of Fosco and also disclosed that some of the payments found their way into his bank account. In the first trial the Tax Court found that the payments by Fosco were partnership business expense and that their deduction should have been allowed. It also found that the $9,500 and $1,995 payments were returned to the taxpayer and deposited by him in his personal bank account. These findings were related to the business of Fosco and, under the terms of the stipulation, bound the taxpayer. We see no reason why the Tax Court could not refer to the evidence

4. In this connection, the Tax Court said:
"It has been agreed by the parties that the determination of this Court in R. E. L. Finley, T. C. Memo. 1957–16, filed under this same date, with respect to the issues involving the Finley-O'Shea Construction Company and the operation of the Rail Fence motel will be determinative of the related issues in these consolidated proceedings. We incorporate by this reference the relevant findings of fact and determinations in the related case, R. E. L. Finley, supra. Still remaining for our consideration are issues 10, 11, 12, 13, 14 and 15.

"Respondent, by amendment to his pleadings, claims in Docket No. 54202, that the amounts of $9,500 and $1,995 were includible in the income of R. W. Finley for those years. The burden of proof on this issue was on respondent. The respondent showed that these amounts represent payments made by the

Finley-O'Shea Construction Company in those years to its subcontractor, Roy "Tex" Baughman, as alleged subcontract costs. The respondent showed and we found in R. E. L. Finley, supra, that these amounts were returned by Baughman to R. W. Finley in those years and deposited by R. W. Finley in his own checking and bank accounts. R. W. Finley explains the $9,500 payment as a part of an arrangement whereby Baughman advanced money for the purchase of certain Government surplus equipment under R. W. Finley's veterans' preference. It is admitted by R. W. Finley that no such surplus equipment was ever purchased. We are convinced the respondent met his burden on this issue. We hold that the amounts of $9,500 and $1,995 were properly includible in the income of R. W. Finley for the year 1946 and 1947, respectively."

upon which they were based. Just what the parties intended in the stipulation with reference to the findings is somewhat ambiguous. In such cases there will be no interference with the Tax Court's understanding of the stipulation. Clason v. Matko, 223 U.S. 646, 652, 32 S.Ct. 392, 56 L.Ed. 588; L. A. Wood & Co. v. Taylor, 5 Cir., 154 F.2d 548, 550. It appears that the purpose of having two trials was to reduce the size of the record in case all of the taxpayers did not desire to appeal. There is no indication that there was any reason why the Tax Court should have been required to hear the same evidence in successive trials, or that the parties intended that it should. The most that can be said is that a formal motion to have the evidence included in the second record would have prevented any misunderstanding.

■ The taxpayer next questions the timeliness of the filing of the amended answer by the Commissioner. Section 272(e) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 272(e) (Sec. 6214 of the 1954 Code, 26 U.S.C.A. § 6214), confers jurisdiction upon the Tax Court to redetermine the correct amount of a taxpayer's deficiency and, in addition, it may increase the deficiency if the claim therefor is asserted at or before the hearing. Tax Court Rule 17(d), 26 U.S. C.A. § 7453, provides:

> "The Court may at any time during the course of the trial on the merits grant a motion of either party to amend its pleadings to conform to the proof in particulars stated at the time by the moving party. The amendment or amended pleadings thus permitted, shall be filed with the Court at the hearing or shall be filed in the office of the Clerk of the Court in Washington, D. C., within such time as the Court may fix."

Although the amended answer was not filed for several months after the taking of testimony had been concluded, it was filed prior to a decision by the Tax Court. Under the aforesaid statute and rule, we think the claim may be made and the amendment filed any time before a final decision. Henningsen v. C. I. R., 4 Cir., 243 F.2d 954; C. I. R. v. Ray, 7 Cir., 88 F.2d 891, certiorari denied 301 U.S. 711, 57 S.Ct. 942, 81 L.Ed. 1364; Helvering v. Edison Securities Corp., 4 Cir., 78 F.2d 85; International Banding Mach. Co. v. C. I. R., 2 Cir., 37 F.2d 660.

■ In the interest of justice, the trend of court decisions is for a liberal construction of rules authorizing the amendment of pleadings. Ordinarily, under the Federal Rules of Civil Procedure, 28 U.S.C.A., when evidence creating new issues is received without objection, the pleadings may be considered to have been amended to include the issues even without formal motion. Rule 15(b), Fed.Rules Civ.Proc.; Decker v. Korth, 10 Cir., 219 F.2d 732, certiorari denied 350 U.S. 830, 76 S.Ct. 61, 100 L.Ed. 740; Underwriters Salvage Co. of New York v. Davis & Shaw Furniture Co., 10 Cir., 198 F.2d 450. See Denver & Rio Grande Western R. Co. v. Himonas, 10 Cir., 190 F.2d 1012, 1016. We think the Tax Court's Rule 17(d) should likewise be liberally construed to effect its purpose. See C. I. R. v. Ray, supra.

■ Finally, the taxpayer contends that the Tax Court erroneously denied him a deduction for his full partnership share of a loss resulting from the sale of air conditioning equipment owned by the partnership.[5] The Commissioner determined that an excessive amount of depreciation on this equipment had been claimed by Fosco. The parties, in their briefs, stated that they agreed on the amount by which the depreciation allowance would be reduced. The taxpayer urges that this agreement effected an increase in the book value of the equipment and that therefore the recognized loss on its sale should have been increased correspondingly. If this is true, the tax-

---

5. Fosco constructed a motel and it was operated under the name "Rail Fence Motel" and referred to in the record as "Fenco". The air conditioning equipment referred to was purchased by Fosco and installed in the motel.

payer may have been entitled to a loss adjustment, but the record contains no information as to the sale and there is no indication that the Tax Court ever considered the question. Only under exceptional circumstances, which do not exist here, will the Court of Appeals consider a matter not presented to the Tax Court. Helvering v. Salvage, 297 U.S. 106, 56 S. Ct. 375, 80 L.Ed. 511; General Utilities & Operating Co. v. Helvering, 296 U.S. 200, 56 S.Ct. 185, 80 L.Ed. 154; Nicholson v. C. I. R., 10 Cir., 218 F.2d 240; Hotel Kingkade v. C. I. R., 10 Cir., 180 F.2d 310.

Affirmed.